UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00040-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KAREEM LAURENCE GARY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant's Motion for Release Pending Designation by the Bureau of Prisons (#18). Pursuant to 18 U.S.C. § 3143(a)(1),

> a person who has been found guilty of an offense *and who is awaiting* imposition or *execution of sentence*…[shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Id. (emphasis added).[1] In light of the exemplary behavior shown by Defendant Kareem Laurence Gary while out on bond and throughout the course of his criminal proceedings, and in

---

[1] 18 U.S.C. § 3143(a)(2) provides stricter standards for releasing defendants who have been found guilty of particular crimes, requiring:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In light of the heightened standard within this statutory directive, the court has carefully considered the specific offenses listed in 18 U.S.C. § 3142(f)(1). The relevant listed offense is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 3142(f)(1)(C). Here, Defendant has pled guilty to one count of Conspiracy to Possess with

1

recognition of the factors showing exemplary conduct set forth in Defendant's Motion, this court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. The court will therefore order the immediate release of Defendant from custody pursuant to 18 U.S.C. § 3143(a)(1). Additionally, and pursuant to 18 U.S.C. § 3142(b), the court will require Defendant to comply with the bond terms initially stated in this matter. The court will further order Defendant to self-report to the facility designated by the Federal Bureau of Prisons at the appropriate time and place to begin serving his sentence.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Release Pending Designation by the Bureau of Prisons (#18) is **GRANTED**, and Defendant is hereby released from the Mecklenburg County Jail. **IT IS FURTHER ORDERED** that the initial terms of Defendant's bond are reinstated. **IT IS FURTHER ORDERED** that Defendant self-report for his prison sentence at the time and place designated by the Federal Bureau of Prisons. The Clerk of Court is instructed to send a copy of this Order to the U.S. Marshals Service.

Signed: December 12, 2014

Max O. Cogburn Jr.
United States District Judge

---

Intent to Distribute Marijuana, in violation of 2l U.S.C. § 841(b)(l)(D) (an offense under the Controlled Substances Act). As indicated by the criminal statute and Defendant's plea agreement, the maximum sentence for the Defendant (who has no prior criminal history) under this provision is five years. As such, Defendant's offense is not one that falls within the purview of 18 U.S.C. § 3142(f)(1). Accordingly, this court has considered Defendant's release pursuant to Paragraph 1, not Paragraph 2, of 18 U.S.C. § 3143(a).